IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS BISHOP, III, | ) |
|     PLAINTIFF, | ) |
| v. | ) CASE NO. 2:10-cv-614-MEF |
| MATRIX TROY MPH, LLC, dba EVERGREEN ESTATES, | ) (WO - Do Not Publish) |
|     DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

On June 22, 2010, Plaintiff Dennis Bishop, III ("Bishop") filed this matter in the Circuit Court of Montgomery County, Alabama. On July 15, 2010, Defendant Matrix Troy MPH, LLC ("Matrix") removed the action to this Court alleging diversity as the basis for federal jurisdiction. Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris,* 331 F.3d 817, 819 (11th Cir. 2003).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship. Here only diversity jurisdiction is at issue. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1). A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Williams v. Best Buy*

*Co., Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001) (if a motion to remand is filed after a case is removed the removing party bears the burden of proving the existence of federal jurisdiction); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction and if jurisdiction is properly challenged, that party also bears the burden of proof"). Thus, as the removing party, Matrix must plead and, if challenged, prove the citizenship of the parties.

In its Notice of Removal, Matrix alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Matrix alleges that Bishop is a citizen of Alabama. Matrix alleges that it has a principal place of business in New York and a place of "incorporation" in Delaware. Matrix concludes based on these facts that it is a citizen of New York.

The Complaint alleges that Matrix is an LLC. Matrix has denied the paragraph which contains this allegation, but it is not clear to the Court from the state of the record if Matrix is a corporation or an LLC. If it is a corporation, diversity exists, but Matrix would legally be a citizen for purposes of diversity jurisdiction of both New York and Delaware, not just New York as alleged. If it is actually an LLC, the Court lacks sufficient information to determine its citizenship. For purposes of 28 U.S.C. § 1332, the citizenship of a limited

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization. *See Rolling Greens*, 374 F.3d at 1021-22. Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Id.* at 1022. And, therefore, a limited liability company could be deemed a citizen of more than one state and those states may have no connection to the place of the LLC's formation or operations. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. *Id.* In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking, as Matrix failed to either state that it is a corporation rather than an LLC or to identify its members and the citizenship of each.

As a result of these deficiencies, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Matrix should be permitted to amend its deficient Notice of Removal to specifically establish its citizenship.

The Court is mindful of the instruction of the Eleventh Circuit Court of Appeals that prior to remanding a case for lack of subject matter jurisdiction upon the failure of the removing party to properly allege diversity, the district court must grant leave to amend. *See Corporate Management Advisors Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1297-98 (11th Cir. 2009). Accordingly, it is hereby ORDERED that on or before **February 28, 2011,**

Matrix shall file an amendment to its Notice of Removal that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in remand for lack of jurisdiction.

DONE this the 28th day of January, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE